HARRY GOTFRIED, Respondent, v. WILLIAM M. BARRETT, as President of the ADAMS EXPRESS COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, May 21, 1925.

**Limitation of actions — action to recover back money paid defendant under agreement for deposit of funds in foreign bank — lapse of six years after payment of money within which nothing was done to extend defendant's time for performance, precludes recovery — Statute of Limitations (Civ. Prac. Act, § 48, subd. 1) applicable.**

An action, to recover back money paid defendant under an agreement whereby defendant undertook to deposit said money in a foreign bank and return a bank book to the plaintiff, commenced more than six years after payment of the money, in the absence of anything being done to bring about an extension of the time for performance other than defendant's reply, on plaintiff's demand for either the pass book or the money, that the book would arrive, is barred by the Statute of Limitations (Civ. Prac. Act, § 48, subd. 1).

BIJUR, J., dissents, with opinion.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Second District, in favor of plaintiff, after trial by court without a jury.

*Stockton & Stockton* [*Kenneth E. Stockton* of counsel], for the appellant.

*Arthur Leventhal,* for the respondent.

PER CURIAM:

Concededly, when this action was brought, a period of over six years had run from any date properly fixable as marking a reasonable time for performance under the original contract. The only debatable question in the case is whether anything occurred which may be given the effect of extending the defendant's time for performance. All that is urged in that regard is that certain implications may and should be drawn, in plaintiff's favor, from a demand made by him upon defendant for performance. That demand was made in September, 1918. It is not disputed that unless that particular demand caused an extension of the time for performance, the defense of the Statute of Limitations must govern the decision. The following transpired on that occasion. The plaintiff went to one of the offices of the defendant and, in a conversation with a clerk or other representative of the defendant, he demanded either his pass book or his money, and the defendant's representative said to him: " The book will arrive," whereupon the plaintiff, without anything more being said or done by either him or the clerk, left the defendant's office. We fail to perceive

how this can be said to have taken the case out of the statute. (Civ. Prac. Act. § 48, subd. 1.)

Judgment reversed, with thirty dollars costs, and complaint dismissed upon the merits, with costs.

MULLAN and COTILLO, JJ., concur; BIJUR, J., dissents in opinion.

BIJUR, J. (dissenting):

This action was brought as for money had and received under the following circumstances: In June, 1916, plaintiff paid the defendant $294.80, under an agreement whereby defendant undertook to deposit the money in a bank in Vienna in the form of Austrian kronen and to return a bank book to the plaintiff. Plaintiff testified that he made several demands for the book, the last in September, 1918, and that the defendant had failed to carry out its agreement, and sued to recover his money back.

The serious question raised by the defendant is the application of the Statute of Limitations which, defendant urges, began to run a reasonable time after the money was originally paid in June, 1916. As, however, the record shows that plaintiff was willing to waive the date of performance and extend the time, at least as far as September, 1918, and defendant was manifestly willing to accept such extension, the time to bring this action did not begin to run until, at the very earliest, on the latter date. Consequently this action, begun April, 1924, was well within the six-year limitation. (See *Bank of United States* v. *National City Bank*, 123 Misc. 801.)

I think the judgment should be affirmed.

Judgment reversed.